HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLE and GUY MAEL, NADINE VIGLIANO, BRITNEY MOREA, CAROL CONWAY, ANGELA BERTUCCI and TINA WIEPERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC., and NUTRIPACK, LLC,<br><br>Defendants. | CASE NO. 3:17-CV-05469-RBL<br><br>ORDER DENYING MOTION TO DISMISS |

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. #25]. Plaintiffs are consumers of Defendant Evanger's pet food products seeking to represent a class of similarly-situated consumers. Plaintiffs Nicole and Guy Mael claim their dogs became sick (and one died) after consuming Evanger's "Hunk of Beef" pet food in January 2017. Plaintiffs Nadine Vigliano, Britney Morea, Angela Bertucci, and Tina Wiepert claim that their dogs got sick after eating Evanger's beef products. An FDA investigation found traces of pentobarbital, a drug used to euthanize animals, in several of Evanger's beef pet foods, including "Hunk of Beef," "Braised Beef," Against the Grain's "Pulled Beef," and in a product Evanger's manufactures for another

pet food company called "Party Animal." Evanger's subsequently recalled each of these products.

Plaintiff Carol Conway claims her dog, Ruby, became ill after eating Evanger's Duck & Sweet Potato Pet Food. The Duck & Sweet Potato food was not recalled, nor was it alleged to be tainted with pentobarbital. Plaintiffs, however, refer to both the recalled and non-recalled products as "Pet Foods," and allege that Defendants falsely advertised the Pet Foods as "human grade, USDA inspected meats" despite the fact that the FDA found that none of Defendants' suppliers were USDA-inspected nor human grade. Plaintiffs cite to other, general findings by the FDA that indicate Defendants' facilities were unsanitary and that the non-beef products may have been contaminated as well. These include peeling paint, mold, open sanitary sewer, lack of refrigerated storage, damaged floors, as well as flies and birds. Dkt. #27.

Defendants seek dismissal of Conway's claims arising out of non-recalled, non-beef pet foods. They argue that the allegations support only claims against recalled beef products but fail to adequately state claims against any non-recalled products. Specifically, Defendants assert that Conway's claim regarding the non-beef pet foods suggests, at best, the "possibility" of a claim. Dkt. #25. Defendants contend that Conway has alleged no facts establishing either (1) causation beyond speculation between the non-beef food and the symptoms, or (2) that if the non-beef food were the cause of the illness in Ruby, that that food contained pentobarbital.

Conway argues that whether the Duck and Sweet Potato Pet Food she purchased contained pentobarbital is a question of fact that cannot be decided on a motion to dismiss. Without identifying specific allegations, Conway claims that her Amended Complaint "adequately alleges numerous facts, including those relating to Conway's experience, that give rise to a reasonable inference that Defendants are liable for misrepresenting the contents of all of

their Pet Foods, causing damage to Plaintiffs and the Class when they purchased them and some further poisoned their pets." Dkt. #27.

**I. LEGAL STANDARD**

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the

sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

## II. ANALYSIS

While Ruby suffered from the same symptoms associated with pentobarbital poisoning, Conway has not alleged facts that demonstrate the Duck and Sweet Potato product was contaminated with pentobarbital or was otherwise the cause of the symptoms. Rather, Conway merely claims that because the FDA found Defendants' facilities unsanitary as a whole, found serious problems in Defendants' manufacturing and quality assurance systems, and could not determine that Defendants' non-beef suppliers were *not* associated with pentobarbital, Defendants are therefore also liable for the harm to Ruby.

Although Ruby's symptoms suggest a possible relation between Defendants' Duck and Sweet Potato product and the symptoms, the Amended Complaint pleads no factual allegations plausibly establishing beyond mere speculation causation between the food and the symptoms. Conway alleges that the veterinarian diagnosed Ruby with gastroenteritis, but Conway never alleges that it was caused by pentobarbital or anything else contained in the pet food.

Plaintiffs paint with too broad a brush, lumping together dogs that got sick from the recalled, tainted beef products with a dog that got sick after eating non-recalled, non-beef products. Plaintiffs plausibly state a claim against Defendants with respect to the recalled pentobarbital-tainted beef, alleging that the injury to their dogs was caused by pentobarbital poisoning. Conway, however, fails to state a claim against Defendants for the non-recalled pet food not plausibly alleged to be contaminated with pentobarbital. While Conway alleges injury to Ruby consistent with pentobarbital poisoning, she fails to allege, beyond mere speculation, that that injury was caused by Defendants. However, because the Amended Complaint could be

cured by the allegation of additional facts as to the non-recalled pet foods, dismissal is not appropriate here. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). The appropriate corrective is to grant leave for Plaintiffs to amend their complaint.

### III. CONCLUSION

Defendants' Motion to Dismiss is DENIED without prejudice. Plaintiffs have 21 days from the date below, March 13, 2018, to cure the deficiencies in their Amended Complaint. At that time, Defendants may renew their motion.

IT IS SO ORDERED.

Dated this 20th day of February, 2018.

_____
Ronald B. Leighton
United States District Judge