THE HONORABLE RONALD B. LEIGHTON

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE and GUY MAEL, NADINE VIGLIANO, BRITNEY MOREA, CAROL CONWAY, ANGELA BERTUCCI and TINA WIEPERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC., NUTRIPACK, LLC, AGAINST THE GRAIN PET FOODS, and SHER SERVICES COMPANY INCORPORATED,<br><br>Defendants. | NO. 3:17-cv-05469-RBL<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs Nicole and Guy Mael, Nadine Vigliano, Britney Morea, Angela Bertucci, and Tina Wiepert ("Plaintiffs") on behalf of themselves and a proposed Settlement Class and Evanger's Dog and Cat Food Co., Inc., Nutripack, LLC, Against the Grain Pet Foods, and Sher Services Company Inc. ("Defendants") have entered into a Settlement Agreement. Plaintiffs and Defendants together constitute the "Parties,"

Plaintiffs have moved for, and Defendants do not oppose, entry of this order, which (a) conditionally certifies the Settlement Class (as defined below) for settlement purposes only; (b) preliminarily approves the proposed Settlement as fair, reasonable and adequate; (c)

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 1
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

appoints the Settlement Administrator; (d) provides for notice of the Settlement Agreement to Settlement Class members in accordance with the terms of the Settlement Agreement; (e) establishes procedures for objecting to, and opting out of, the proposed Settlement Agreement; (f) describes procedures for submitting claims; and (g) sets a date for hearing to finally approve the Settlement Agreement ("Final Approval Hearing").

The Court has considered the Settlement Agreement (Dkt. No. 116-1), the declarations of Plaintiffs' counsel (Dkt. Nos. 116 & 117), and the declaration of the Settlement Administrator (Dkt. No. 118).

**IT IS ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the conditionally certified Settlement Class, as defined below.

2. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

3. Solely for the purposes of effectuating the proposed settlement, the Parties have agreed to and the Court provisionally certifies the following "Settlement Class:"

> All persons in the United States who purchased (i) Evanger's Hunk of Beef, (ii) Evanger's Braised Beef, or (iii) Against the Grain Pulled Beef with Gravy between the dates of December 1, 2015 and June 30, 2017.

4. The Court finds that conditional certification of the Settlement Class for settlement purposes only is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).

    a. Numerosity is satisfied because the parties agree that the class consists of at least 2,592 members. *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) (numerosity is generally satisfied when a class has at least 40 members).

    b. The test for common questions of law and fact is "qualitative rather than quantitative—one significant issue common to the class may be

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

sufficient to warrant certification." *See Gray's Harbor Adventist Christ School v. Carrier Corp.,* 242 F.R.D. 568, 572 (W.D. Wash. 2007). In this case, the members of the Class share common issues of fact and law for certification for settlement purposes regarding (1) whether Defendants misrepresented the quality of Evanger's Hunk of Beef, Evanger's Braised Beef, or Against the Grain Pulled Beef with Gravy (collectively the "Pet Food"); (2) whether any alleged misrepresentations relating to the Pet Food are material to a reasonable consumer; and (3) whether Defendants' conduct violated consumer protection laws turn on common evidence and can be fairly resolved for all class members at once. *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 973 (C.D. Cal. 2015) (identifying similar common questions). For certification for settlement purposes, these are questions that if resolved for one class member, could be resolved for all class members.

c. Typicality is satisfied for settlement purposes only because Plaintiffs' claims arise from the same course of alleged conduct as all Settlement Class Members' claims: misrepresentations of the quality of the pet Food. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (typicality exists when class representatives and class members are subjected to and injured by the same course of conduct).

d. Adequacy is satisfied because Plaintiffs have no conflicts of interest with the other proposed class members, have demonstrated their commitment to the class by actively participating in the litigation, and have retained qualified and committed counsel. *Ellis*, 657 F.3d at 985 (citation omitted).

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

e.  Predominance is satisfied for settlement purposes because the common questions could predominate over any questions affecting only individual Settlement Class Members. For example, one potential predominant question is whether a reasonable person would have been misled by Defendants' advertisements. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 559 (9th Cir. 2019) (holding predominance "readily met" where "class members were exposed to uniform . . . misrepresentations and suffered identical injuries within only a small range of damages."). Class treatment here, in the context of the Settlement, will facilitate the favorable resolution of all class members' potential claims.

f.  Superiority is satisfied because classwide resolution is the most efficient and fair method of addressing the claims that arise out of the alleged conduct in this case. There are thousands of class members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal redress. *See Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification.").

g.  Because certification of the Class is proposed in the context of a settlement, the court need not inquire whether the case, if tried as a class action, would present intractable management problems.

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.     The Court preliminarily approves the Settlement as fair, reasonable, and adequate. In making this determination, the Court has considered the criteria set forth in recently amended Federal Rule of Civil Procedure 23, and the factors outlined in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004).

6.     Under the Settlement, Evanger's agrees to pay $545,500 into a Settlement Fund that the Parties propose to use to (1) make payments to all Settlement Class Members who submit timely and valid claims for cash payments; (2) pay the Settlement Administrator the costs of notice and Settlement Administration Costs in an amount capped at $150,000; (3) pay Service Awards in the amount of $2,500 to each Class Representative; and (4) pay Class Counsel's attorneys' fees and costs in an amount not to exceed $295,000. The Settlement also gives Settlement Class Members the option to redeem product certificates in lieu of a cash payment. Settlement Class Members with proof of purchase either from their own records or from records obtained during the litigation have the option of choosing a certificate worth 50% of the verified value of their total Pet Food purchases. Settlement Class Members who lack proof of purchase may submit a claim to receive a certificate for three (3) cans of Defendants' products.

7.     The Settlement also provides prospective relief. Defendants have agreed to change to their advertising practices, fund additional third-party testing of the Pet Food, notify their distributors and retailers of these practice changes, and confirm in writing that they are in compliance with all FDA requirements regarding supplier and ingredient safety for the beef they use in the Pet Food. The Settlement Fund is non-reversionary and any amounts remaining after the initial distribution to Settlement Class Members and a second distribution, if necessary and administratively feasible, will be distributed to North Shore Animal League America.

8.     The Court has considered the terms of the Settlement Agreement in light of Plaintiffs' and Class Counsel's representation of the Settlement Class, the arm's length

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

negotiations that led to the Settlement, the experience and views of counsel, the equitable treatment of Settlement Class members, and the relief that will be provided to the Settlement Class. In preliminarily approving the relief to the Settlement Class, the Court has considered, among other things, the amount offered in settlement, the stage of the proceedings, the strength of Plaintiffs' case and the costs, risks, and delay of continued litigation; the method of distributing relief to the class, which will include the option of electronic payments; and the proposed attorneys' fee award and service awards to Plaintiffs.

9. Plaintiffs' motion to preliminarily approve the Settlement Agreement and certify the Settlement Class is granted. The Court will make a final determination as to the fairness, reasonableness, and adequacy of the Settlement after the Final Approval Hearing.

10. The Court appoints Nicole Mael, Guy Mael, Nadine Vigliano, Britney Morea, Angela Bertucci, and Tina Wiepert as Class Representatives and Terrell Marshall Law Group PLLC and Andersen Sleater Sianni LLC as Class Counsel.

11. The Court appoints CPT Group, Inc. as Settlement Administrator to fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement. The Court approves the estimated Settlement Administration Expenses.

12. The Court finds that the method of providing notice to Settlement Class members specified in section five of the Settlement Agreement, the forms of notice, the method for submitting claims, and the manner of providing for exclusion requests and objections to the Settlement specified in section seven of the Settlement Agreement are reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of Civil Procedure.

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

13. The Settlement Administrator shall cause the Notice Plan to be commenced on or before **January 7, 2020**. The Notice Plan includes Email Notice to Settlement Class Members for whom an email address is available and who did not purchase the Pet Food on Amazon.com and Chewy.com, mailed Postcard Notice to all Settlement Class Members for whom a mailing address can be obtained and who did not purchase the Pet Food on Amazon.com and Chewy.com, and an online media campaign that is designed to reach over 70% of Settlement Class Members. The Settlement Administrator will send an email no later than 30 days before the expiration of the Claim Period to all Settlement Class Members who have not submitted claims for whom an email address is available. The Settlement Administrator will also make the Long Form Notice and other relevant documents, including Class Counsel's motion for attorneys' fees, litigation costs and Service Awards, available on the Settlement Website.

14. Amazon.com will separately notify Settlement Class Members who purchased the Pet Food on Amazon.com. The Court specifically approves the email that Amazon.com will send. This email will be in substantially the form as that attached as Exhibit H to the Settlement Agreement. The Court directs Amazon.com to send the email on or before **January 7, 2020**.

15. The Court further directs Amazon.com to provide the Settlement Administrator with a spreadsheet, indicating the total amount (in dollars) of (i) Evanger's Hunk of Beef, (ii) Evanger's Braised Beef, or (iii) Against the Grain Pulled Beef with Gravy that those Settlement Class members purchased from Amazon.com between the dates of December 1, 2015 and June 30, 2017. The Settlement Administrator will use these amounts to verify qualified claimants' purchases for purposes of submitting a claim. Amazon.com must provide the Settlement Administrator with this spreadsheet on or before **December 9, 2019**.

16. Chewy.com also will separately notify Settlement Class Members who purchased the Pet Food on Chewy.com. The Court specifically approves the email that Chewy.com will send. This email will be in substantially the form as that attached as Exhibit I

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

to the Settlement Agreement. The Court directs Chewy.com to send the email on or before **January 7, 2020**.

17. The Court further directs Chewy.com to send to the Settlement Administrator by **December 9, 2019** a spreadsheet containing names, contact information, and the total amount (in dollars) of (i) Evanger's Hunk of Beef, (ii) Evanger's Braised Beef, or (iii) Against the Grain Pulled Beef with Gravy that those Settlement Class members purchased from Chewy.com between the dates of December 1, 2015 and June 30, 2017. The Settlement Administrator will use these amounts to verify qualified claimants' purchases for purposes of submitting a claim.

18. To participate in the Settlement, Settlement Class Members must submit a simple Claim Form no later than **March 9, 2020**, which they may do by mail or online through the Settlement Website.

19. Any member of the Settlement Class may request to be excluded from the Settlement Class by sending, by first class mail, a written exclusion to the Settlement Administrator postmarked on or before **March 9, 2020**. The request for exclusion must include the name of this action, *Mael v. Evanger's Dog and Cat Food Co.*, the Settlement Class member's name, address, and telephone number where he or she may be contacted and a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement of this litigation, and personally signed by the member of the Settlement Class submitting the request. Any member of the Settlement Class who submits a timely and valid exclusion request shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

20. Any member of the Settlement Class may object to this Agreement by filing a written statement with the Court by **March 9, 2020** that includes: his or her full name; address; telephone number where he or she may be contacted; the telephone number or numbers that he

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 8
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

or she maintains were called; all grounds in detail for the objection, with factual and legal support for each stated ground; whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity (including name, address, phone number and email) of any lawyer who will be representing him or her with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any payment or other consideration given to an objector or objector's counsel for forgoing or withdrawing an objection, or forgoing, dismissing, or abandoning an appeal from a judgment approving a class settlement shall require Court approval.

21. The Court directs the Settlement Administrator to file with the Court no later than 20 days before the Final Approval Hearing a sworn declaration containing the information set forth in section 6.4 of the Settlement Agreement. This information includes (a) confirmation that the Email and Postcard Notices were sent to Settlement Class members as section 6.4 requires; (b) confirmation that the Online Notices were timely published in accordance with the Notice Plan; (c) a tally of persons who opted out of the Settlement Class pursuant to section 7.2; (d) a tally of objections received; (e) confirmation that the Settlement Administrator timely reviewed all claims for deficiencies and fraud in accordance with the Settlement Agreement; (f) a tally of the total number of valid claims submitted; and (g) confirmation that the Settlement Administrator complied with 28 U.S.C. § 1715 by serving notice of the settlement upon the various state attorneys general and any other appropriate officials.

22. The Court directs Amazon.com and Chewy.com to file with the Court no later than 20 days before the Final Approval Hearing sworn declarations confirming that Amazon.com and Chewy.com sent emails addresses associated with Amazon.com and Chewy.com to customers who purchased the Pet Foods between December 1, 2015 and June 30, 2017.

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 9
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

23. The Settlement Administrator, Amazon.com, and Chewy.com shall provide Class Counsel with a draft of the declarations five business days before the declarations are filed.

24. The Court will hold a Final Approval Hearing on **May 8, 2020, at 9:30 a.m.** in Courtroom B of the U.S. Courthouse, 1717 Pacific Avenue, Room 3100, Tacoma, Washington 98402-3200 to finally determine whether the Settlement Class should be certified under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure; to determine whether the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court; to determine whether the Final Approval Order and Judgment should be entered; to consider the motion for attorneys' fees, reimbursement of litigation costs, and Service Awards; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of Settlement Class Members.

25. Any interested person who has not excluded himself or herself from the Settlement Class and who filed a written objection on or before **March 9, 2020** may appear at the Final Approval Hearing to show cause why the proposed Settlement Agreement should or should not be approved as fair, reasonable, and adequate. The Court will consider all properly submitted objections. Any Settlement Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement Agreement and shall forever be foreclosed from making any objection to certification of the Settlement Class, to the fairness, adequacy and reasonableness of the Settlement Agreement, and to any attorneys' fees, litigation cost reimbursements, and Service Awards approved by the Court.

26. Class Counsel's motion for approval of attorneys' fees, litigation costs, and Service Awards shall be filed on or before **February 10, 2020**, which is 30 days before the

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 10
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

deadline for Settlement Class members to opt out or object to the Settlement Agreement. This deadline complies with *In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir. 2010).

27. All memoranda, declarations, responses to objections, and other evidence in support of the motion for final approval of the Settlement Agreement shall be filed on or before **April 20, 2020**.

28. All proceedings in this Action other than those that are necessary to carry out, or incidental to carrying out, the terms and conditions of this Order are stayed and suspended until further order of the Court.

29. Pending entry of the Final Approval Order and Judgment, Plaintiffs, Settlement Class members, and any person or entity allegedly acting on behalf of the Settlement Class, either directly, representatively, or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims provided, however, that this injunction shall not apply to individual claims of any Settlement Class Member who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and the Court's flexibility and authority to effectuate this Settlement Agreement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

30. The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Settlement Agreement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. The Court may approve or modify the Settlement Agreement without further notice to Settlement Class members.

31. If the Effective Date does not occur, the Parties will return to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 11
CASE NO. 3:17-CV-05469-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

this Order and all other findings or stipulations regarding the Settlement, including but not limited to certification of the Settlement Class will be automatically void, vacated, and treated as if never filed.

32. The following timeline will govern proceedings through the Final Approval Hearing:

| DEADLINE | EVENT |
| --- | --- |
| November 18, 2019 | Defendants make initial payment to Settlement Administrator |
| December 9, 2019 | Chewy.com to provide Settlement Administrator with spreadsheet listing Settlement Class Members who purchased products on Chewy.com and the total amount of those purchases. |
| December 9, 2019 | Amazon.com to provide Settlement Administrator with spreadsheet listing Settlement Class Members who purchased products on Amazon.com and the total amount of those purchases. |
| December 9, 2019 | Settlement Website is active |
| January 7, 2020 | Deadline to commence Notice Plan |
| February 10, 2020 | Deadline for Class Counsel to file motion for attorneys' fees, reimbursement of litigation costs, and for service awards |
| March 9, 2020 | Deadline for Settlement Class Members to submit claims, exclusion requests, and objections |
| April 8, 2020 | Settlement Administrator completes review of claims. |
| April 20, 2020 | Deadline to file responses to objections, motion for final approval, Settlement Administrator declaration, and Amazon declaration |

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 12
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| May 8, 2020 at 9:30 a.m. | Final Approval Hearing |
|---|---|

1. IT IS HEREBY ORDERED.

2. DATED this 25th day of October, 2019.

   Ronald B. Leighton
   United States District Judge

AMENDED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 13
CASE NO. 3:17-CV-05469-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com